IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD RHODES,

    Petitioner,                   No. CIV S-09-1842 JAM EFB P

    vs.

EVANS, Warden,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss the petition, arguing that its claims are not cognizable on federal habeas review. Dckt. No. 12. For the reasons described below, the undersigned finds that the motion to dismiss should be denied.

        Petitioner alleges that prison officials found him guilty of a rules violation in violation of his due process rights. Dckt. No. 1 at 4-6. He contends that the parole board depended on this rules violation report in finding him unsuitable for parole. Dckt. No. 16.

        Respondent argues that the petition should be dismissed because federal habeas relief is only available to a prisoner who challenges the fact or duration of his confinement. Dckt. No. 12 at 1. Respondent contends that even if the rules violation report were expunged from petitioner's record, his sentence would not necessarily be any shorter. Dckt. No. 17 at 2. Therefore,

1

respondent argues, this court lacks jurisdiction over the petition.

Federal habeas relief is only available for prisoners challenging the fact or duration of their confinement. *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Ninth Circuit held in 1989 that a prisoner may seek a writ of habeas corpus for "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). Thus, habeas jurisdiction may be proper not only when a claim necessarily invalidates a prisoner's continuing confinement, but when it likely does so.

In *Docken v. Chase*, the Ninth Circuit clarified *Bostic*'s definition of the word "likely" in this context. 393 F.3d 1024, 1031 (9th Cir. 2004). *Docken* held that parole-based claims which may, but will not necessarily, affect the duration of a prisoner's confinement if meritorious are cognizable via habeas. *Id.* at 1025, 1031 ("We therefore hold that when prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute").

Respondent argues, relying on *Ramirez v. Galaza*, that there is no habeas jurisdiction in this case because even if petitioner's claim was successful, it would not necessarily shorten his sentence. *See* 334 F.3d at 859. *Ramirez* stated that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Id.* However, a subsequent panel in *Docken* has explained that "*Ramirez* concerned a challenge to internal disciplinary procedures and the administrative segregation that resulted from it. Ramirez's suit did not deal with the fact or duration of his confinement." *See*, *e.g.*, *Docken*, 393 F.3d at 1030 n.4. *Docken* rejected the premise that habeas and section 1983

////

jurisdiction are mutually exclusive.¹ *Id.* at 1031.

In this case, respondent argues that in light of petitioner's extensive disciplinary history, including seventeen formal disciplinary actions and twenty-three informal disciplinary write-ups, petitioner will not necessarily be granted parole as the result of the expungement of one disciplinary violation. Dckt. No. 17 at 2. But as explained above, the relevant question is whether the expungement *may* affect the parole board's future decision, not whether it necessarily will. The point is that neither respondent nor the court can say whether the expungement of this conviction will or will not affect the parole board's decision. Here, if petitioner succeeds on his claims in the instant action, his disciplinary report will be expunged from his record. As disciplinary history is one of the factors the Board of Parole Hearings looks at in California to determine suitability for parole, expungement of this report could potentially result in petitioner being released sooner. Thus, under *Docken*, the petition here is properly cognizable under the federal habeas statute.² Accordingly, the pending motion to dismiss should be denied, and respondent should be directed to file an answer to the petition.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's August 18, 2010 motion to dismiss be denied;

2. Respondent be directed file and serve an answer in response to petitioner's application within 60 days from the date of this order.

////

---

¹ *See also Foster v. Washington-Adduci*, 2010 WL 1734916, *4 (C.D. Cal. Mar 24, 2010) ("Respondent's reliance on dictum from *Ramirez* is unpersuasive"); *Hickey v. Adler*, 2009 WL 2244186 (E.D. Cal. Jul 27, 2009) ("The statement from *Ramirez* . . . is dictum"); *Dutra v. Department of Corrections and Rehabilitation*, 2007 WL 3306638, *6 (N.D. Cal. Nov 06, 2007) (*Ramirez* statement is dicta); *Drake v. Felker*, 2007 WL 4404432, *2 (E.D. Cal. Dec 13, 2007) (same).

² This court's prior analysis in *Medina v. McDonald*, 08-0352 JAM EFB P, is not to the contrary. The petitioner in *Medina* was challenging a disciplinary proceeding by way of a habeas petition, but had already had his lost credits restored to him. In contrast, the petitioner in this case argues that the disciplinary report will be used against him when he is considered for parole.

3. Petitioner be directed to file his reply, if any, within 30 days of service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE